UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, pro se,<br><br>   Plaintiff - Appellant,<br><br> v.<br><br>CITY OF SAN MATEO; SAN MATEO POLICE DEPARTMENT; SHANDON MURPHY; JOSEPH YANSUKA; COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S OFFICE; PERUCCI, Sergeant; SUZANNE BLICK, Deputy,<br><br>   Defendants - Appellees. | No. 11-15583<br><br>D.C. No. 3:07-cv-05596-SI<br>Northern District of California,<br>San Francisco<br><br><br>ORDER |

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

The Memorandum Disposition filed January 28, 2014, is withdrawn. It may not be cited as precedent by or to this court or any district court of the Ninth Circuit.

The Petitions for Rehearing and Rehearing En Banc are otherwise DENIED, no further petitions for rehearing will be accepted.

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANE DOE, pro se,<br><br>        Plaintiff - Appellant,<br><br>    v.<br><br>CITY OF SAN MATEO; SAN MATEO POLICE DEPARTMENT; SHANDON MURPHY; JOSEPH YANSUKA; COUNTY OF SAN MATEO; SAN MATEO COUNTY SHERIFF'S OFFICE; PERUCCI, Sergeant; SUZANNE BLICK, Deputy,<br><br>        Defendants - Appellees. | No. 11-15583<br><br>D.C. No. 3:07-cv-05596-SI<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, Senior District Judge, Presiding

Argued and Submitted December 3, 2013
San Francisco, California

Before: TROTT, THOMAS, and MURGUIA, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We have jurisdiction pursuant to 28 U.S.C. § 1291 over this timely appeal from the district court's grant of summary judgment to the defendants, and we affirm, albeit on a different ground.[1] Craig v. M&O Agencies, Inc., 496 F.3d 1047, 1053 (9th Cir. 2007). Because the facts are well known to the parties and were fully aired during oral argument, we repeat them only as necessary to explain our decision.

The events that precipitated this lawsuit began with a sexual encounter between Doe and her ex-boyfriend at his home, following which he called the police, who arrested her. She sued the ex-boyfriend in state court for sexual battery, but she voluntarily dropped that case after the trial commenced. She subsequently sued in federal court under § 1983, alleging that the police had violated her Fourth and Fourteenth Amendment rights by illegally strip searching her following her arrest and by denying her medical care following her alleged rape.

A thorough examination of this record demonstrates beyond doubt that even viewed in every respect in the light most favorable to her, Doe plainly has not

_____

[1] We reject any suggestion in the district court's order that the crime of rape without more does not create a "serious medical need." We do believe, as did the district court, that appropriately attending to and treating a woman who is a rape victim "is the right thing to do."

2

marshaled evidence sufficient to permit a jury reasonably to render a verdict in her favor nor create a genuine dispute of material fact sufficient to withstand a motion for summary judgment. See In re Oracle Corp. Sec. Litig., 627 F.3d 376, 387 (9th Cir. 2010). Doe's only evidence is internally inconsistent and contradictory, when not entirely self-serving. For example, Doe claims for the first time in opposition to summary judgment that she sought medical treatment two days after her alleged attack. This claim, about which she refused to divulge any specific information, contradicted her deposition testimony that she never saw a doctor or went to a hospital after the event.

Under these circumstances, the defendants are entitled to summary judgment. Thus, we affirm.[2]

**AFFIRMED**

---

[2] On these facts and circumstances, Doe's First Amendment Petition Clause Claim with respect to her "informal request for assistance" has no merit.